UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------
In re

  AMY M. GRACI,        05-18224 B

     Debtor    <u>DECISION & ORDER</u>
---------------------------------------------------

      Penney, Maier & Wallach
      Mark S. Wallach, Esq., of counsel
      169 Delaware Avenue
      Buffalo, New York 14202
      Attorneys for the Chapter 7 Trustee

      David W. Polak, Esq.
      3686 Seneca Street
      West Seneca, New York 14224
      Attorney for the Debtor

Bucki, Chief U.S.B.J., W.D.N.Y.

  Prior to the filing of her petition for relief under Chapter 7 of the Bankruptcy Code, Amy M. Graci had initiated proceedings in the United States District Court to recover damages for a violation of the Americans with Disabilities Act (42 U.S.C. §§12101 et seq.). For this reason, on Schedule C to her bankruptcy petition, Ms. Graci claimed an exemption under the New York Debtor and Creditor Law for the amount of any such recovery. When the Chapter 7 trustee then filed a timely objection to the claim of exemption, this court issued its order preserving the trustee's objection until such time as the District Court would decide the underlying cause of action. Ms. Graci has now obtained judgment, so that the trustee renews his request for a decision on the merits of the exemption.

  In claiming an exemption, the debtor relies upon Debtor and Creditor Law §282(iii)(3)(iii). This subdivision allows a debtor to exempt, from property of the bankruptcy estate, "a payment, not to exceed seventy-five hundred dollars on account of personal bodily injury, not including pain and suffering or compensation

for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependant." The debtor contends that because her disability arose from a personal bodily injury, any claim under the Americans with Disabilities Act should be deemed to seek a recovery for personal bodily injury. In the view of this court, however, such argument would violate the language and direction of the exemption statute.

The debtor's recovery under the Americans with Disabilities Act represented the payment of damages on account of discriminatory conduct, and not on account of personal bodily injury. The involvement of a preexisting bodily injury may indicate the defendant's motive, but the defendant did not cause the bodily injury and such bodily injury does not provide the basis for damages in the present instance. Hence, no portion of the recovery can be said to arise from personal bodily injury, so as to implicate any exemption under section 282(iii)(3)(iii) of the Debtor and Creditor Law.

For the reasons stated herein, the debtor may not receive an exemption for the recovery obtained by reason of her claim under the Americans with Disability Act. Accordingly, the trustee's objection to that exemption is in all respects sustained.

So ordered.

Dated:     Buffalo, New York                            /s/    CARL L. BUCKI
           September 23, 2008                           Carl L. Bucki, Chief USBJ, WDNY